IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Melissa Barbare, ) | C/A No. 2:17-cv-02834-DCC |
| Plaintiff, ) | |
| v. ) | **OPINION AND ORDER** |
| Nancy Berryhill, Acting Commissioner of ) Social Security, ) | |
| Defendant. ) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On January 8, 2019, Magistrate Judge Mary Gordon Baker issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be affirmed. ECF No. 17. On February 1, 2019, Plaintiff filed Objections to the Report, and the Commissioner filed a Reply on February 14, 2019. ECF Nos. 20, 21. For the reasons stated below, the Court adopts the Report and incorporates it herein by reference.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

1

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one.  Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."  *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard.  *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157–58.

## **BACKGROUND**

Plaintiff applied for DIB on September 24, 2013, alleging that she had been disabled since November 12, 2012, due to, *inter alia*, collagenous colitis, chronic obstructive pulmonary disease, and essential tremors.  Plaintiff's claims were denied initially and upon reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 27, 2014.  The ALJ denied Plaintiff's claims

2

in a decision issued on September 13, 2016. The Appeals Council denied Plaintiff's request for a review, making the determination of the ALJ the final decision of the Commissioner.

## **DISCUSSION**

The Magistrate Judge recommends that the Court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Plaintiff objects to the Report, claiming that the Magistrate erred in finding that ALJ properly evaluated the opinions of treating physicians. For the reasons detailed below, this Court denies Plaintiff's objections and adopts the Report's recommendations.

Under the regulations of the Social Security Administration,[1] the Commissioner is obligated to consider all medical evidence presented, including the opinions of medical sources. 20 C.F.R. § 1527(c). The regulations require ALJs to "give more weight to medical opinions from [a plaintiff's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a plaintiff's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.1527(c)(2). If the ALJ "find[s] that a treating source's medical opinion on the issue(s) of the nature and severity of [a plaintiff's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is

---

[1] As the Magistrate Judge correctly notes, numerous social security regulations and rulings have changed effective March 27, 2017. However, these changes only apply to claims filed on or after March 27, 2017. Therefore, all references in this Order are to the prior versions of the regulations that were in effect at the time Plaintiff's application was filed, unless otherwise specified.

not inconsistent with the other substantial evidence in [a plaintiff's] case record, [the ALJ] will give it controlling weight." *Id.* When, however, the ALJ does not give a treating physician's opinion controlling weight, the ALJ must consider a number of factors including: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the physician's opinion; (4) the consistency of the opinion with the medical records; (5) whether the physician is a specialist; and (6) any other relevant factors. *Id.* § 416.927(c).

Based on these regulations, the Report comprehensively evaluated the opinions offered by four treating physicians—Dr. James R. Bloodworth, Dr. Catherine Chang, Dr. Michael I. Rickoff, and Dr. Fredy Revilla—and determined that the ALJ's evaluation of those opinions is supported by substantial evidence. Plaintiff's lengthy objections do not raise specific, organized arguments in response to the Report, instead merely summarizing the Magistrate Judge's findings and arguing against those findings. For ease of reference, the Court will address each of Plaintiff's objections within the structure utilized by the Report.

**I. COPD**

Dr. Bloodworth and Dr. Chang completed questionnaires in which they opined on Plaintiff's limitations due to her COPD. The ALJ afforded these opinions little weight, finding that Dr. Bloodworth's opinion that Plaintiff should be limited to sedentary exertional work was "not supported by [the] record as a whole" and "gives undue weight to the [Plaintiff's] subjective complaints." ECF No. 8-2 at 33. Similarly, the ALJ gave Dr. Chang's opinion that Plaintiff would need "frequent absences from work likely due to exacerbation of [COPD]" little weight because it was "not supported by [the] record as a

4

whole with a limitation that would cause the absences." *Id.*; ECF No. 8-11 at 2. The ALJ also found Dr. Chang's opinion to be conclusory with little explanation in support. ECF No. 8-2 at 33.

The Report found substantial evidence to support both of these opinions after thoroughly reviewing the medical evidence in the record. Plaintiff's objections to this finding are difficult to follow and not clearly stated; however, the Court has conducted a de novo review of the ALJ's decision and the evidence in the record. Based on this review, the Court adopts the Report's findings and incorporates them herein by reference. Although Plaintiff disagrees with the ALJ's evaluation of these opinions, this Court is concerned only with whether the ALJ applied the proper legal standard and whether the ALJ's decision is supported by substantial evidence. Under this deferential standard, the ALJ's evaluation of Dr. Bloodworth and Dr. Chang's opinions must be affirmed.

## II. Digestive Condition

Dr. Rickoff completed a questionnaire in which he opined that Plaintiff could only perform sedentary work due to a digestive condition—collagenous colitis—which causes diarrhea. The ALJ afforded this opinion partial weight, noting that Dr. Rickoff's opinion that Plaintiff would require more than an hour of breaks during the workday for diarrhea was inconsistent with the record as a whole. Indeed, the Court has reviewed the ALJ's decision and the record and finds there is substantial evidence to support this finding, as the ALJ points out how Plaintiff's digestive symptoms waxed and waned and how she responded well to medication. In her objections, Plaintiff contends the Magistrate Judge erred by "fail[ing] to recognize that intermittent problems can be disabling, if they interrupt work with sufficient frequency." ECF No. 20 at 8. The Court acknowledges that

5

intermittent problems can be disabling; however, the Court's review of this case is constrained to the questions of whether the ALJ committed legal error and whether the ALJ's decision is supported by substantial evidence. In light of the ALJ's detailed explanation of Plaintiff's medical records relating to her digestive issues, the Court overrules Plaintiff's objections.

### III. Essential Tremors

Dr. Revilla completed a questionnaire in which he opined that Plaintiff could not perform work that requires writing or typing. Dr. Revilla further opined that this impairment began in approximately November 2012. The ALJ afforded little weight to this opinion, noting that Dr. Revilla's medical records do not support the opinion. The Court has reviewed Dr. Revilla's records and finds substantial evidence to support the ALJ's opinion. Dr. Revilla's records indicate, at various times after the alleged onset date, that Plaintiff's handwriting was shaky and that her tremor was moderate. In light of the longitudinal medial record in this case, the Court overrules Plaintiff's objections and finds that substantial evidence supports the ALJ's finding about Dr. Revilla's opinion.

### IV. Other Medical Opinions

Finally, Plaintiff objects to the Report's finding that the ALJ did not err in giving some weight to the opinions of non-examining state agency physicians. In his decision, the ALJ noted that new evidence had been admitted into the record after the time the state agency physicians performed their evaluations, "which obviously diminishes the value of those opinions." ECF No. 8-2 at 35. Moreover, the Report found that any error in weighing these opinions would be harmless because "the ALJ assessed Plaintiff's RFC to a more limited capacity than that opined by the state agency physicians." ECF No. 17

at 16. Plaintiff's objection on this issue is limited to arguing that the error can not be harmless in light of the error with regards to the treating physicians. As the Court has overruled Plaintiff's objections as to the treating physicians, the Court overrules this objection.

## **CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** the Report and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

March 20, 2019
Spartanburg, South Carolina